

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL ANNE MEDINA,<br><br>Appellant,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3,<br><br>Appellee. | Case No.: 3:20-cv-01912-BEN-MDD<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[ECF No. 18] |

This matter comes before the Court on Appellant Krystal Anne Medina's Motion for Reconsideration. Mot., ECF No. 18.[1] Medina seeks reconsideration of the Court's April 19, 2021, Order affirming the Bankruptcy Court's decision to grant summary judgment to Appellee National Collegiate Student Loan Trust 2006-3 (the "Trust"). *See*

---

[1] Page numbers refer to the ECF-generated page number appearing at the top of each ECF-filed document. Where the ECF No. is preceded by "BK," the ECF No. reference refers to the docket in the underlying bankruptcy proceeding related to this appeal in *In re Medina*, United States Bankruptcy Court for the Southern District of California Case No. 17-BK-05276 (Aug. 31, 2017) (the "Bankruptcy Action"). Where the ECF No. is preceded by "AP," the ECF No. reference shall refer to the docket in the underlying adversary proceeding giving rise to this appeal in *Krystal Anne Medina v. Am. Educational Services*, United States Bankruptcy Court for the Southern District of California Case No. 19-90065-LT.

1

3:20-cv-01912-BEN-MDD

ECF No. 16. A thorough factual and procedural summary is set forth in that Order and is incorporated by reference here. *See id.*

## I. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment within 28 days of the judgment's entry. However, reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It may be appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (internal citations omitted). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Importantly, a "Rule 59(e) motion may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016).

## II. ANALYSIS

This case involves interpretation of an exception to the dischargeability of a loan in bankruptcy pursuant to 11 U.S.C. § 523 ("Section 523"). One subsection of Section 523 prevents a debtor from discharging a qualifying student loan in a bankruptcy proceeding so long as certain conditions are met. *See* 11 U.S.C. § 523(a)(8). Medina argued to the Bankruptcy Court that her loans did not meet this exception, and therefore, were dischargeable in bankruptcy. Findings of Fact & Conclusions of Law, AP ECF No. 83, 2. The Bankruptcy Court disagreed and found that Medina's loan was, in fact, excepted from discharge. *See id.* at 11. This Court affirmed the Bankruptcy Court's decision. *See* Order, ECF No. 16.

In her motion, Medina argues the Court clearly erred in determining (1) the

character of her debt must be analyzed at the time of filing for bankruptcy, rather than at the time the subject loan originated, and (2) word "institution" in Section 523(a)(8)(A)(i) included The Education Resources Institute, Inc. ("TERI"), the organization that guaranteed Medina's loan. The Court addresses these arguments in turn.

### A. Analyzing dischargeability on origination date is not clear error

Medina argues the Court clearly erred in determining that, for purposes of Section 523(a)(8)(A)(i), the determination of whether the debt is dischargeable is made based on the character of the debt at the time subject loan originated rather than the date the debtor filed for bankruptcy. Mot., ECF No. 18-3, 8-13.

In affirming the Bankruptcy Court, this Court looked to the plain text of Section 523(a)(8)(A)(i) to reach the conclusion that dischargeability is determined by the conditions of the loan on the date the loan was made. Order, ECF No. 16, 8-9. The Court reasoned that "if a statute is plain and unambiguous, courts 'must apply the statute according to its terms.'" *Id.* at 9 (citing *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009)).

In relevant part, Section 523 provides that "[a bankruptcy] discharge . . . does not discharge an individual debtor from any debt . . . unless excepting such debt from discharge . . . would impose an undue hardship on the debtor . . . for . . . an educational . . . loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." 11 U.S.C. 523(a)(8)(A)(i).

First, Medina argues the bankruptcy "petition date—not the loan origination date— governs a dischargeability determination under Section 523(a)(8) because 'debt' in bankruptcy is a derivative instrument that does not exist until a petition is filed." Mot., ECF No. 18-3, 8 (citing *In re Tremblay*, Case No. 11-09732-MMC, 2012 WL 2915367, at *2 (Bankr. S.D. Cal. Jul. 16, 2012)). In other words, Medina argues that a "debt" does not exist before a bankruptcy case is filed. The Court disagrees.

In *Cohen v. de la Cruz*, the Supreme Court analyzed another part of Section 523 and noted that "debts" do not arise *only* when a bankruptcy is filed. *See* 523 U.S. 213,

3

218 (1998) ("A 'debt' is defined in the Code as 'liability on a claim,' . . . a 'claim' is defined in turn as a 'right to payment,' . . . and a 'right to payment,' we have said, 'is nothing more nor less than an enforceable obligation.'") (citations omitted). An enforceable obligation can arise through a contract, loan, or other mechanism well before the filing of a bankruptcy petition. More fundamentally, however, Medina focuses on use of the word "debt" but wholly ignores the statute's later use of the word "loan." Section 523(a)(8) applies to "educational benefit overpayment[s] and *loan[s] made*," which, as this Court discussed in its previous Order, looks to the character of the loan at origination, "not a hypothetical future date at which a borrower may file for bankruptcy." ECF No. 16, 9. This argument therefore carries little weight.

In addition, each of Medina's cited cases for this argument is distinguishable from the current case. *In re Tremblay*, for example, did not address Section 523, but rather 11 U.S.C. §§ 506(a), 1322(b)(2), and 1325. *See* 2012 WL 2915367, at *1. Her other cited cases are likewise inapposite. *See In re Frengel*, 115 B.R. 569, 572 (Bankr. N.D. Ohio 1989) (interpreting 11 U.S.C. § 506 and, interestingly, noting that the court's decision interpreting that statute was, like this Court's decision, based on the statute's "plain language"); *In re Abdelgadir*, 455 B.R. 896, 903 (B.A.P. 9th Cir. 2011) (interpreting 11 U.S.C. § 1123(b)(5)); *United States v. Marxen*, 307 U.S. 200, 207 (1939) (interpreting what is now codified at 31 U.S.C. § 3713(a)); *Shu Lun Wu. V. May Kwan Si, Inc.*, 508 B.R. 606, 611 (S.D.N.Y. 2014) (discussing what notice to creditors is required by Section 523); *In re Jung*, 597 B.R. 872, 876 (Bankr. W.D. Wis. 2019) (addressing the subject matter jurisdiction of bankruptcy courts); *In re Boudreau*, 622 B.R. 817, 825 (B.A.P. 1st Cir. 2020) (same). Taken together, these cases do not stand for the proposition that the character of a loan sought to be excepted from discharge under Section 523(a)(8) is determined at the date the debtor files for bankruptcy. Instead, they merely provide cherry-picked dicta cobbled together to form an argument. They do not show clear error.

Second, Medina argues there is a "general rule" for determining the character of a debt, and that "general rule" looks to the "time of filing." Mot., ECF No. 18-3, 10. She

4

bases this argument again on *Marxen*, which as discussed above involves analysis of what is now codified at 31 U.S.C. § 3713. *See Guillermety v. Sec'y of Educ. of U.S.*, 241 F. Supp. 2d 727, 735 n. 3 (E.D. Mich. 2002) ("Section 191 was the predecessor to section 3713. The language of the statutes is substantially similar to one another, thus, cases interpreting section 191 are helpful in interpreting section 3713.") (citations omitted). Because *Marxen* analyzes a separate statute and the corresponding argument conflicts with the plain language of Section 523, this also fails to demonstrate clear error.

Third, Medina argues the Court erred because it should apply Section 523(a)(8) "as it existed at the time the petition [for bankruptcy] was filed." Mot., ECF No. 18-3, 11. In other words, this argument implies that Section 523(a)(8) changed at some point between the time she filed her bankruptcy petition and today. She does not, however, present any argument on what change to Section 523(a)(8) Congress made between the date she filed her petition and the date the Court affirmed summary judgment. More importantly, she fails to articulate how this supposed change affects her case. Medina filed her bankruptcy petition on August 31, 2017. *See* BK ECF No. 1. The Court is aware of only one change to Section 523 between August 31, 2017, and today, and that change in no way affects Medina's case here. *See* Small Business Reorganization Act of 2019, Pub. L. No. 116-54, 133 Stat. 1079. The change modified certain Chapter 11 bankruptcies as opposed to Medina's Chapter 7 bankruptcy. *See* BK ECF No. 17 (ordering Medina's discharge pursuant to 11 U.S.C. § 727).

Fourth, Medina argues the result in her case should be different from other cases involving TERI because here, unlike in some of those matters, TERI was already bankrupt and did not actually perform the guaranty on Medina's loan. Mot., ECF No. 18-3, 12-13. As discussed in the Court's previous Order, this argument is a red herring. Order, ECF No. 16, 9. "[N]othing in the statute requires TERI's guarantee of the loan program to be unconditional." *Id.* Section 523(a)(8) does not require the "nonprofit institution" come through on its guaranty. Thus, to the extent this argument is not barred because it could have been raised earlier, *Rishor*, 822 F.3d at 492, it is rejected as

5

inconsistent with the Court's analysis above.

At bottom, the Court's determination that Section 523(a)(8) dischargeability is determined by the conditions of the loan on the date the loan was made starts and stops with the language of the statute itself. *See Carcieri*, 555 U.S. at 387. Section 523(a)(8) looks to "an educational benefit overpayment or loan made," 11 U.S.C. § 523(a)(8)(A)(i), not the later bankruptcy petition that may arise. Accordingly, Medina has not shown the Court clearly erred in its statutory construction of Section 523(a)(8).

**B.     The Court's interpretation of "institution" is not clearly erroneous**

Next, Medina argues the Court erred in construing the term "institution" in Section 523(a)(8)(A)(i) to include TERI. Mot., ECF No. 18-3, 14-20.

As discussed above, Section 523(a)(8) excepts from discharge "educational benefit overpayment[s] or loan[s] made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." 11 U.S.C. § 523(a)(8)(A)(i). Thus, if the Court failed to correctly interpret "nonprofit institution," and TERI is not actually a nonprofit institution, Medina's loan would be dischargeable.

In this portion of her motion, Medina merely raises arguments that have been or could have been raised before. In her appellate brief, Medina argued that loans guaranteed by TERI could not be excepted from discharge because "nonprofit institution" was not intended to apply to organizations like TERI. *See* Appellant's Br., ECF No. 8, 36-37. There, she suggested that Congress did not intend for Section 523(a)(8) to apply to all loans made by all nonprofit organizations, and that "[t]he term 'institution' means a 'scholastic institution' rather than any organization or corporation." *Id.* at 37. In affirming the Bankruptcy Court, the Court thoroughly addressed these contentions. *See* Order, ECF No. 16, 6-8. Now, Medina renews this attack by arguing the Court should apply *noscitur a sociis*, a tool of statutory construction, to its interpretation of the word "institution." Mot., ECF No. 18-3, 14-20. *Noscitur a sociis* "counsels that an ambiguous term 'is given more precise content by the neighboring words with which it is

6

associated,'" *Probert v. Fam. Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1011 (9th Cir. 2011) (citing *United States v. Williams*, 553 U.S. 285, 294 (2008)). Medina argues *noscitur a sociis* would require the Court to more narrowly construe "institution" to exclude TERI, making her loan dischargeable. Mot., ECF No. 18-3, 14. While this argument is intriguing, Medina does not provide any reason for why she could not have raised it before.

A "Rule 59(e) motion may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Rishor*, 822 F.3d at 492. Moreover, "motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected." *See Harrison v. Sofamor/Danek Grp., Inc.*, Case No. 94-cv-0692-K, 1998 WL 1166044, at *3 (S.D. Cal. Sept. 15, 1998). Medina's motion does both prohibited things. She re-argues issues already addressed by the Court and brings new arguments on the same points that could have been made in her appellate brief. For these reasons, Medina's arguments on this point are rejected.

### III. CONCLUSION

For the foregoing reasons, Appellant's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 30, 2021

Hon. Roger T. Benitez
United States District Court